UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HEATHER ANNE MILBURN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 13-2056-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff Heather Milburn ("Plaintiff") appeals the decision of the Administrative Law Judge ("ALJ") denying her applications for Social Security disability benefits. The Court concludes that the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") is supported by substantial evidence and that the ALJ did not err in assessing Plaintiff's credibility. The Court therefore affirms the ALJ's decision.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

　　　　Plaintiff filed her applications for benefits on March 14, 2011, alleging disability beginning December 29, 2008. In an unfavorable decision, the ALJ found that Plaintiff had the severe impairments of chronic abdominal pain,

chronic low back pain, and carpal tunnel syndrome, but concluded that Plaintiff was not disabled because there was work available in significant numbers in the national and regional economy which she could perform. Administrative Record ("AR") 10-17.

## II.
## ISSUES PRESENTED

The parties dispute whether (1) the ALJ's residual functional capacity ("RFC") assessment is supported by substantial evidence; and (2) the ALJ properly assessed Plaintiff's credibility. See Joint Stipulation ("JS") at 3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

# IV.
# DISCUSSION

## A. The ALJ Properly Assessed Plaintiff's RFC

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ did not include any functional limitations involving her upper extremities as a result of her carpal tunnel syndrome. JS at 4-6.

A claimant's "residual functional capacity" is the most a claimant can still do despite her limitations. Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)). An ALJ will assess a claimant's RFC based on all the relevant evidence of record and will consider all of the claimant's medically determinable impairments, whether found to be severe or not. 20 C.F.R. §§ 404.1545(a)(2), (a)(3), (e), 416.945(a)(2), (a)(3), (e). An RFC assessment is ultimately an administrative finding reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, an RFC determination is based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. Id.

A claimant for disability benefits bears the burden of producing evidence to demonstrate that he was disabled within the relevant time period. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The existence of a severe impairment is demonstrated when the evidence establishes more than a minimal effect on an individual's ability to do basic work activities. Smolen, 80 F.3d at 1290; 20 C.F.R. §§ 404.1521(a), 416.921(a). Furthermore, the mere existence of a condition is not per se disabling; rather there must be proof of the impairment's disabling severity. Sample v. Schweiker, 694 F.2d 639, 642-643 (9th Cir. 1982); 42 U.S.C. § 1382c(a)(3)(C)(I).

Here, Plaintiff has not meet her burden of showing that she has a

disabling condition. The ALJ properly considered Plaintiff's testimony and reviewed the medical evidence in detail in reaching his conclusion that Plaintiff retained the RFC to perform a full range of light work. See AR 14-15. Although Plaintiff points to medical records that reference her diagnosis of and treatment for carpal tunnel syndrome, see JS at 5, Plaintiff has not pointed to any medical evidence in the record which demonstrates that her carpal tunnel syndrome, in combination with her other impairments, cause greater functional limitations than those found by the ALJ.

In fact, the record demonstrates that the ALJ gave Plaintiff the benefit of the doubt in determining that she was capable only of performing light work. The ALJ gave "little weight" to the State Agency reviewing physicians who determined that Plaintiff's impairments were nonsevere. AR 15 (citing AR 332-34, 404-06). Plaintiff cites to no statements or opinions from Plaintiff's treating physicians or any other medical source that endorse any functional limitations based on Plaintiff's carpal tunnel syndrome. In sum, the Court finds that the ALJ properly synthesized the medical record and the conclusions of the reviewing physicians in assessing Plaintiff with an RFC for light work. The ALJ's RFC assessment was supported by substantial evidence in the record; therefore, Plaintiff is not entitled to relief on this claim of error.

**B.    The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting her subjective symptom testimony. JS at 11-15. Plaintiff testified at the administrative hearing that her abdominal pain, carpal tunnel syndrome, and back pain cause her difficulties in walking, standing, moving her arms, using her hands and fingers, climbing steps, and lifting objects; her regular activities have become more difficult and tiring; she can only spend about two hours per day performing chores and activities of daily living and often needs help from her family; she often must lie down on

her back to relieve the pressure; and sitting and driving are very difficult for her. AR 26-40.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d at 1283-84 & n.8. The ALJ may also consider an unexplained failure to seek treatment or

follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ noted that, despite Plaintiff's complaints of debilitating pain, she testified that she drove her children to the store, the neighborhood pool, and the drive-in movies. AR 14, 29-30. The ALJ also noted that she testified that she did grocery shopping, loaded the dishwasher, did laundry, and performed some yard work, such as planting and pulling weeds. AR 14, 34-36, 39, 164. Further, although she testified that she could not lift her three-year old son, she had previously stated that, when he was two years old and weighed 26 pounds, she could lift him up two to four times per day. AR 14, 165. While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's activity here supports the ALJ's finding that Plaintiff's reports of her impairments were not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).

The ALJ also determined that Plaintiff was not fully credible based upon her conservative treatment history. For example, the ALJ noted that Plaintiff's request for a surgical consultation for low back pain was deemed not medically necessary and denied because Plaintiff had not yet tried medication and physical therapy. AR 15 (citing AR 396). Plaintiff was then referred to physical therapy by her pain management physician. AR 337-39. In addition, Plaintiff's

medical records document that she had a positive response to cortisone injections and pain medicine. AR 15 (citing AR 293, 337, 339, 341, 345). A conservative treatment history is a legitimate basis for an ALJ to discount a claimant's credibility. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); see also Fair, 885 F.2d at 604 (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment").

Finally, the ALJ also considered that Plaintiff's claims of disabling pain and extreme functional limitations were unsupported by the medical evidence. After extensively reviewing the record, the ALJ concluded that the medical evidence generally showed unremarkable examinations and few abnormal findings. AR 14-15; see, e.g., AR 260, 261, 266, 289-90. For example, the ALJ noted that it appeared that a hysterectomy and surgical hernia repair addressed the causes of Plaintiff's abdominal pain as there were "no post-surgical complications" and there was no evidence of follow-up treatment for abdominal pain after Plaintiff's hernia repair. AR 15. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record reflects that the ALJ did just that. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated:  June 27, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge